**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**

| | |
|---|---|
| InVue Security Products Inc.,<br><br>Plaintiff,<br><br>v.<br><br>Vanguard Products Group, Inc.<br>d/b/a Vanguard Protex Global,<br><br>Defendant. | C.A. No. 8:26-cv-2536<br><br>**<u>ORIGINAL COMPLAINT</u>**<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff InVue Security Products Inc. ("Plaintiff" or "InVue") files this original complaint for patent infringement ("Original Complaint") against Defendant Vanguard Products Group, Inc. (d/b/a Vanguard Protex Global) ("Defendant" or "Vanguard") and alleges as follows:

1. InVue brings this action pursuant to the United States Patent Act, 35 U.S.C. § 100, *et seq*. Vanguard has infringed and continues to infringe one or more claims of U.S. Patent Nos. 12,428,878 (the '878 Patent) and 12,460,451 (the '451 Patent) (collectively the "Asserted Patents").

2. The '878 Patent is entitled "Security Device." The '878 Patent claims the benefit of U.S. nonprovisional application No.19/084,136 (filed on March 19, 2025) and also U.S. provisional application No. 63/764,087 (filed on February 27, 2025) and U.S. provisional application No. 63/654,456 (filed on May 31, 2024).

3. The ’451 Patent is entitled “Anti-Theft Device for Portable Electronic Device.” The ’451 Patent claims the benefit of U.S. Nonprovisional application No. 19/079,986 (filed on March 14, 2025), and through a series of continuation applications and provisional applications printed on the face of the ’451 Patent, including U.S. provisional application No. 61/833,655 (filed on June 11, 2013).

4. Vanguard has committed, and continues to commit, acts of direct infringement, contributory infringement, and induced infringement of one or more claims of the Asserted Patents.

## THE PARTIES

5. InVue is a corporation formed under the laws of Ohio with a principal place of business at 9201 Baybrook Lane, Charlotte, NC 28277.

6. Vanguard is a corporation formed under the laws of Florida with a principal place of business at 720 Brooker Creek Blvd., Suite 223, Oldsmar, FL 34677.

## JURISDICTION

7. This Court has original jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the United States Patent Act, 35 U.S.C. § 100, *et seq*.

8. Upon information and belief, pursuant to the U.S. Constitution and Fla. Stat. § 48.193, this Court has personal jurisdiction over Vanguard because

Vanguard is incorporated in and has transacted business within the State of Florida, has contracted to supply goods in the State of Florida, and has engaged in infringing acts in the State of Florida, including in the Middle District of Florida.

9. Venue is proper in the Court pursuant to 28 U.S.C. §§ 1391(b) and 1400 because, Vanguard has its principal place of business in this district, and upon information and belief has committed acts of infringement in this district, and is subject to personal jurisdiction here.

## THE ASSERTED PATENTS

10. On September 30, 2025, the United States Patent and Trademark Office duly and legally issued the ’878 Patent, entitled “Security Device,” a true and accurate copy of which is attached as Exhibit 1.

11. On November 4, 2025, the United States Patent and Trademark Office duly and legally issued the ’451 Patent, entitled “Anti-Theft Device for Portable Electronic Device,” a true and accurate copy of which is attached as Exhibit 2.

12. The Asserted Patents describe inventions that advanced the art and relate to retail merchandise security systems and methods of protecting merchandise. Aspects and embodiments of the inventions include, for example, configurability of the retail merchandise security system to be suitable to be adapted to secure a variety of consumer electronic devices of varying sizes, shapes,

and designs. Furthermore, aspects and embodiments of the inventions include, for example, that the retail merchandise security system can be controlled to selectively release the consumer electronic device when desirable to permit a potential customer to interact and inspect the consumer electronic device without interfering or limiting the ability of the potential consumer to fully appreciate the features of the merchandise.

13. InVue is the owner of all rights, title, and interest in the Asserted Patents including the right to bring this suit for injunctive relief and damages.

14. InVue has not authorized Vanguard or its customers to manufacture, offer to sell, sell, use, or import any product or method covered by the Asserted Patents.

15. InVue has complied with the marking requirements of 35 U.S.C. § 287 for the Asserted Patents.

**DEFENDANT'S INFRINGING ACTIVITIES**

16. Upon information and belief, Vanguard has infringed, and continues to infringe, the Asserted Patents by making, using, offering for sale, selling, and/or importing products, namely retail merchandise security systems, including for example the Vanguard Point-of-Sale (P-of-S) Product that practice the inventions of the Asserted Patents (hereinafter the "Vanguard P-of-S Products" or "Accused Products") and by inducing its customers to use the Accused Products. An

exemplary image of the Accused Products of Defendant Vanguard is shown below in one particular embodiment:



17. The Accused Products, as well as components of the Accused Products, include, without limitation, devices and components related to Vanguard's line of security lock down solutions for merchandise display of phones and tablets by consumer electronics device retailers. Additionally, the Accused Products may include such other security devices that function in a similar manner

and operate as described above in the preceding paragraph, and as may be further identified during this action.

18. Vanguard's customers use the Accused Products in the United States including, for example, use by one or more retailers in the United States.

19. The Accused Products and use of the Accused Products by Vanguard and Vanguard's customers embodies and practices the inventions claimed in the Asserted Patents.

20. Vanguard has constructive knowledge of the Asserted Patents at least through InVue's compliance with the marking requirements of 35 U.S.C. § 287 for the Asserted Patents.

21. The '878 Patent issued from U.S. Application No. 19/084,136, which published upon issuance on September 30, 2025.

22. The '451 Patent issued from U.S. Application No. 19/079,986, which published as U.S. Patent Application Publication No. 2025/0207436 (the '436 publication) on June 26, 2025.

23. On information and belief, Vanguard has had notice of the '436 publication related to the '451 Patent since at least the date of its publication.

24. On information and belief, Vanguard has had actual knowledge of the '878 Patent since it was published on September 30, 2025.

25. On information and belief, Vanguard has had actual knowledge of the ’451 Patent since it was issued and published on November 4, 2025.

26. On information and belief, Vanguard has been aware of the ’878 and ’451 Patents through the history of interactions between Vanguard and InVue and since at least receipt of InVue’s notice letter sent to Vanguard on March 13, 2025 which identified the patent family of the ’451 Patent including U.S. Patent No. 11,753,852 and U.S. Patent Publ. No. 2023/0407684, each entitled “Anti-Theft Device for Portable Electronic Device” and related to merchandise security devices with an interface comprising a plurality of arms configured to engage a portable electronic device. *See* Exhibit 3.

27. On March 28, 2025, Vanguard responded and acknowledged receipt of InVue’s March 13, 2025 letter and recognized InVue’s intellectual property rights in “the patent and publication” identified by InVue’s letter. *See* Exhibit 4.

28. On information and belief, through correspondence with InVue and monitoring activities of InVue’s patent portfolio, Vanguard has had actual knowledge of the Asserted Patents as of their publication dates.

29. Vanguard also has actual knowledge of each of the Asserted Patents through the filing of this Original Complaint.

## COUNT I

**First Cause of Action: Direct Infringement of U.S. Patent No. 12,428,878**

30. InVue incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

31. Vanguard's manufacture, offer for sale, sale, importation, and/or use of the Accused Products in the United States directly infringes the '878 Patent.

32. Vanguard's manufacture, offer for sale, sale, importation, and/or use of the Accused Products infringes, for example, at least Claim 1 of the '878 Patent. *See* Exhibit 5.

33. One or more of the Accused Products, for example, is a security system, such as the Vanguard P-of-S Product for securing an item of merchandise, such as a phone, tablet, camera, or the like.

34. As demonstrated in the exemplary claim chart of Exhibit 5, each and every limitation of Claim 1 of the '878 Patent is infringed by the Vanguard P-of-S Product.

35. Vanguard's direct infringement of the '878 Patent causes financial damages to InVue, including for example, lost sales revenue caused by Vanguard's sales of the Accused Products.

36. Vanguard's direct infringement of the '878 Patent irreparably damages InVue, including for example, preventing InVue from exercising its right

to exclude others from making, using, selling, offering to sell, or importing products embodying the invention patented in the ’878 Patent.

37. Vanguard’s direct infringement of the ’878 Patent will continue unless enjoined by the Court under 35 U.S.C. § 283 and/or the equitable powers of the Court.

38. Vanguard has had actual knowledge of the ’878 Patent since at least the publication and issuance of the ’878 Patent on September 30, 2025 and no later than the date of the filing of the Original Complaint.

39. Vanguard’s direct infringement of the ’878 Patent constitutes willful infringement because Vanguard’s infringement continues despite an objectively high likelihood that Vanguard’s conduct infringes valid claims of the ’878 Patent, and this likelihood is either known to Vanguard or so obvious that Vanguard should have known that its conduct infringed valid claims of the ’878 Patent.

## COUNT II

### Second Cause of Action: Contributory Infringement of U.S. Patent No. 12,428,878

40. InVue incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

41. The Accused Products are configured only for infringing use as security systems protecting items of merchandise. For example, the Accused Products include one or more security devices that are configured only for purP-of-

Ses of attachment to an item of merchandise to protect the item of merchandise from theft and loss in a retail display setting.

42. The Accused Products are not staple articles of commerce.

43. The Accused Products are not suitable for substantial non-infringing use.

44. The Accused Products are especially made or especially adapted for use in an infringement of the ’878 Patent.

45. The use of the Accused Products by Vanguard’s customers constitutes direct infringement of the ’878 Patent.

46. On information and belief, Vanguard knows that the Accused Products are not staple articles of commerce, are not suitable for substantial non-infringing use, and are especially made or adapted for use in a manner that infringes InVue’s patent rights associated with the ’878 Patent.

47. Vanguard’s actions constitute contributory infringement of the ’878 Patent.

48. Vanguard’s contributory infringement of the ’878 Patent causes financial damages to InVue, including for example, lost sales revenue caused by Vanguard’s sales of the Accused Products.

49. Vanguard’s contributory infringement of the ’878 Patent irreparably damages InVue, including for example, preventing InVue from exercising its right

to exclude others from making, using, selling, offering to sell, or importing products embodying the invention patented in the ’878 Patent.

50. Vanguard’s contributory infringement of the ’878 Patent will continue unless enjoined by the Court under 35 U.S.C. § 283 and/or the equitable powers of the Court.

51. Vanguard’s contributory infringement of the ’878 Patent is willful infringement because its activities continue despite an objectively high likelihood that the conduct infringes valid claims of the ’878 Patent, and this likelihood is either known to Vanguard or so obvious that Vanguard should have known that its conduct constituted contributory infringement of valid claims of the ’878 Patent.

## COUNT III

### Third Cause of Action: Induced Infringement of U.S. Patent No. 12,428,878

52. InVue incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

53. Vanguard sells and continues to sell the Accused Products to its customers with the intent that its customers will use and operate the Accused Products in the United States in a manner that infringes the ’878 Patent.

54. Upon information and belief, Vanguard provides its customers with instructions regarding the infringing use and operation of the Accused Products in the United States.

55. Upon information and belief, Vanguard trains its customers in the infringing use and operation of the Accused Products in the United States.

56. Upon information and belief, Vanguard has observed its customers using and operating the Accused Products in the United States in an infringing manner.

57. Upon information and belief, Vanguard is aware or should have known that use and operation of the Accused Products in the United States by Vanguard or its customers would directly infringe the ’878 Patent.

58. Vanguard’s actions to aid and abet its customers to directly infringe the ‘878 Patent with knowledge that use of the Accused Products in the United States would directly infringe the ’878 Patent constitutes inducement of infringement.

59. Vanguard’s inducement of infringement of the ’878 Patent causes financial damages to InVue, including for example, lost sales revenue caused by Vanguard’s sales of the Accused Products.

60. Vanguard’s inducement of infringement of the ’878 Patent irreparably damages InVue, including for example, preventing InVue from exercising its right to exclude others from making, using, selling, offering to sell, or importing products embodying the invention patented in the ’878 Patent.

61. Vanguard's inducement of infringement of the '878 Patent will continue unless enjoined by the Court under 35 U.S.C. § 283 and/or the equitable powers of the Court.

62. Vanguard's inducement of infringement of the '878 Patent is willful infringement because these activities continue despite an objectively high likelihood that the conduct infringes valid claims of the '878 Patent, and this likelihood is either known to Vanguard or so obvious that Vanguard should have known that its conduct induces infringement of valid claims of the '878 Patent.

## COUNT IV

### Fourth Cause of Action: Direct Infringement of U.S. Patent No. 12,460,451

63. InVue incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

64. Vanguard's manufacture, offer for sale, sale, importation, and/or use of the Accused Products in the United States directly infringes the '451 Patent.

65. Vanguard's manufacture, offer for sale, sale, importation, and/or use of the Accused Products infringes, for example, at least Claim 1 of the '451 Patent. *See* Exhibit 6.

66. One or more of the Accused Products, for example, is a security system, such as the Vanguard P-of-S Product for securing an item of merchandise, such as a phone, tablet, camera, or the like.

67. As demonstrated in the exemplary claim chart of Exhibit 6, each and every limitation of Claim 1 of the ’451 Patent is infringed by the Vanguard P-of-S Product.

68. Vanguard’s direct infringement of the ’451 Patent causes financial damages to InVue, including for example, lost sales revenue caused by Vanguard’s sales of the Accused Products.

69. Vanguard’s direct infringement of the ’451 Patent irreparably damages InVue, including for example, preventing InVue from exercising its right to exclude others from making, using, selling, offering to sell, or importing products embodying the invention patented in the ’451 Patent.

70. Vanguard’s direct infringement of the ’451 Patent will continue unless enjoined by the Court under 35 U.S.C. § 283 and/or the equitable powers of the Court.

71. On information and belief, Vanguard has had actual knowledge of the ’451 Patent since date of publication of the application that resulted in the ’451 Patent on June 26, 2025 that were made publicly available on the United States Patent and Trademark Office’s website or, alternatively, as of the date the ’451 Patent was issued and published on November 4, 2025, and Vanguard had actual knowledge of the ’451 Patent no later than the date of the filing of the Original Complaint.

72. Vanguard's direct infringement of the '451 Patent constitutes willful infringement because the infringement continues despite an objectively high likelihood that Vanguard's conduct infringes valid claims of the '451 Patent, and this likelihood is either known to Vanguard or so obvious that Vanguard should have known that its conduct infringed valid claims of the '451 Patent.

## COUNT V

### Fifth Cause of Action: Contributory Infringement of U.S. Patent No. 12,460,451

73. InVue incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

74. The Accused Products are configured only for infringing use as security systems protecting items of merchandise. For example, the Accused Products include one or more security devices that are configured only for purP-of-Ses of attachment to an item of merchandise to protect the item of merchandise from theft and loss in a retail display setting.

75. The Accused Products are not staple articles of commerce.

76. The Accused Products are not suitable for substantial non-infringing use.

77. The Accused Products are especially made or especially adapted for use in an infringement of the '451 Patent.

78. The use of the Accused Products by Vanguard's customers constitutes direct infringement of the '451 Patent.

79. On information and belief, Vanguard knows that the Accused Products are not staple articles of commerce, are not suitable for substantial non-infringing use, and are especially made or adapted for use in a manner that infringes InVue's patent rights associated with the '451 Patent.

80. Vanguard's actions constitute contributory infringement of the '451 Patent.

81. Vanguard's contributory infringement of the '451 Patent causes financial damages to InVue, including for example, lost sales revenue caused by Vanguard's sales of the Accused Products.

82. Vanguard's contributory infringement of the '451 Patent irreparably damages InVue, including for example, preventing InVue from exercising its right to exclude others from making, using, selling, offering to sell, or importing products embodying the invention patented in the '451 Patent.

83. Vanguard's contributory infringement of the '451 Patent will continue unless enjoined by the Court under 35 U.S.C. § 283 and/or the equitable powers of the Court.

84. Vanguard's contributory infringement of the '451 Patent is willful infringement because its activities continue despite an objectively high likelihood

that the conduct infringes valid claims of the ’451 Patent, and this likelihood is either known to Vanguard or so obvious that Vanguard should have known that its conduct constituted contributory infringement of valid claims of the ’451 Patent.

## COUNT VI

### Sixth Cause of Action: Induced Infringement of U.S. Patent No. 12,460,451

85. InVue incorporates by reference the allegations of the preceding paragraphs as if fully set forth herein.

86. Vanguard sells and continues to sell the Accused Products to its customers with the intent that its customers will use and operate the Accused Products in the United States in a manner that infringes the ’451 Patent.

87. Upon information and belief, Vanguard provides its customers with instructions regarding the infringing use and operation of the Accused Products in the United States.

88. Upon information and belief, Vanguard trains its customers in the infringing use and operation of the Accused Products in the United States.

89. Upon information and belief, Vanguard has observed its customers using and operating the Accused Products in the United States in an infringing manner.

90. Upon information and belief, Vanguard is aware or should have known that use and operation of the Accused Products in the United States by Vanguard or its customers would directly infringe the ’451 Patent.

91. Vanguard’s actions to aid and abet its customers to directly infringe the ’451 Patent with knowledge that use of the Accused Products in the United States would directly infringe the ’451 Patent constitutes inducement of infringement.

92. Vanguard’s inducement of infringement of the ’451 Patent causes financial damages to InVue, including for example, lost sales revenue caused by Vanguard’s sales of the Accused Products.

93. Vanguard’s inducement of infringement of the ’451 Patent irreparably damages InVue, including for example, preventing InVue from exercising its right to exclude others from making, using, selling, offering to sell, or importing products embodying the invention patented in the ’451 Patent.

94. Vanguard’s inducement of infringement of the ’451 Patent will continue unless enjoined by the Court under 35 U.S.C. § 283 and/or the equitable powers of the Court.

95. Vanguard’s inducement of infringement of the ’451 Patent is willful infringement because these activities continue despite an objectively high likelihood that the conduct infringes valid claims of the ’451 Patent, and this

likelihood is either known to Vanguard or so obvious that Vanguard should have known that its conduct induces infringement of valid claims of the '451 Patent.

## REQUEST FOR RELIEF

Wherefore, InVue respectfully requests the entry of judgment against Defendant Vanguard and its subsidiaries, successors, parents, affiliates, officers, directors, agents, servants, employees, and all persons in active concert or participation, providing the following relief:

A. Finding that Defendant Vanguard has directly infringed, either literally or by doctrine of equivalents, has committed contributory infringement, and/or has committed induced infringement of one or more claims of the Asserted Patents and finding that such infringement has been willful;

B. Entering a permanent injunction, under 35 U.S.C. § 283 and the equitable powers of the Court, against Defendant Vanguard and all those in active concert or participation with Defendant Vanguard, to prevent further direct and/or indirect infringement of the Asserted Patents;

C. Awarding Plaintiff InVue damages in an amount that will be proved at trial and that will adequately compensate Plaintiff InVue for the

infringement but in no amount less than a reasonable royalty as authorized by 35 U.S.C. § 284;

D. Increasing the damages awarded to Plaintiff InVue up to three times the amount of Plaintiff's actual damages as authorized by 35 U.S.C. § 284;

E. Finding that this is an exceptional case and award Plaintiff InVue its attorneys' fees and other expenses of litigation pursuant to 35 U.S.C. § 285 and/or other applicable laws;

F. Awarding Plaintiff InVue prejudgment interest and costs under 35 U.S.C. § 284 and/or other applicable laws;

G. Granting such other legal and equitable relief and the Court may deem just and proper.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues triable to a jury.

Dated: August 28, 2026

Respectfully submitted,

*s/ James M. Matulis*
James M. Matulis
Florida Bar No. 0077429
Tel: 813-451-7347
Jim@Matulis-Law.com

Stacy Matulis
Florida Bar No. 91154
(813) 802-9102
Stacy@MatulisLaw.com

MATULIS IP LAW
10906 Sheldon Road
Tampa FL 33626

Tim F. Williams (*pro hac vice forthcoming*)
Fed. Id. 6276
timw@dority-manning.com
*Lead Counsel*
Scott A. Cole (*pro hac vice forthcoming*)
Fed. Id. 14574
scole@dority-manning.com
Mark H. Johnson (*pro hac vice forthcoming*)
Texas Bar No. 24106144
mjohnson@dority-manning.com

DORITY & MANNING, P.A.
P.O. Box 1449
Greenville, S.C. 29602-1449
Tel: 864-271-1592
Fax: 864-233-7342

***Attorneys for the Plaintiff***
***InVue Security Products Inc.***